## No. 6697.

## M. A. SOUTHWORTH vs. B. J. FLANDERS ET AL.

When the officers of a municipal corporation, clothed with legislative functions and having in the exercise thereof, legislative discretion, exceed their power, by error of judgment, in a contract with a party, who had the same means of information as themselves about their capacity to contract, and fell in the same error,—the said officers are not personally responsible to the other contracting party, for the non-performance of the contract.

If an action lay in such a case against the municipal officers personally, it would be *ex delicto* and prescribed in one year.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers,* J.

*W. S. Benedict* and *Joseph P. Hornor* for Plaintiff and Appellant:

Public officers become personally responsible to third persons on contracts made for a city, when the city, retaining the advantages of the said contract, avoids payment through the said officers, on plea of want of authority to make such contract.

*C. H. Breen* for Defendants:

It is apparently useful and not illegal for the City of New Orleans to contract for the recording of judgments. This is not changed by the fact that the liens arising from taxes are otherwise recorded.

Administrators and Mayor of New Orleans cannot be held in damages for error of judgment in voting for or approving an ordinance.

Southworth vs. Flanders et al.

For official acts in the apparent and presumed discharge of their duty, city officers are not personally responsible.

He who voluntarily contracts with a city is bound to consider its powers, and cannot hold its officers for mutual error.

It is the duty of the City Attorney to present all legal grounds of defense in suits against the City. The Mayor and Administrators cannot control or restrain him from so doing.

Members of a City Council cannot be sued jointly or *in solido* for their votes on a question.

For official acts there is no joint or solidary liability, unless conspiracy, malice or fraud be alleged.

The responsibility of City Officers for acts *ultra vires* is prescribed by one year.

### *J. W. Thomas* and *J. S. Whitaker* on same side:

Where an agent is duly constituted and names his principal and contracts in his name, the principal is responsible and not the agent.

He who contracts to do one thing and does another and different thing without authority cannot recover on his contract.

The recording of certified copies of tax judgments, when contracted for, requires a fulfillment according to its terms.

---

The opinion of the Court was delivered by

Todd, J.   The petition in this case alleges in substance :

That the defendants, who were the Mayor and Administrators of the City of New Orleans in the year 1872, are indebted to plaintiff in the sum of ten thousand dollars upon the following cause of action :

That said defendants, in their official capacity, passed city ordinance No. 1630 in the following words :

" That the Recorder of Mortgages for the parish of Orleans is hereby authorized and directed to obtain, at his own expense, from the clerks of the District Courts, certified copies of all unrecorded and unexpired tax judgments in favor of the City of New Orleans against real estate, and similar judgments for the amount of ten dollars and upwards against personal property, and to record the same in the mortgage office according to law ; provided that the whole cost of said certificates or copies of judgments and the recording thereof, shall not exceed seventy-five cents for each judgment, and provided that the amount contracted for, and appropriated hereby, shall not exceed ten thousand dollars."

Plaintiff was then the Recorder of Mortgages, and having accepted said contract, complied therewith at great expense, and is entitled to the compensation awarded by said contract.

That the City of New Orleans having failed to pay, suit was instituted by petitioner, which resulted in a judgment in favor of defendant, reported in 25th An., p. 333. He further avers, that the defense urged by the City in the said suit, and upon which the said judgment was rendered by the Supreme Court, was that the said city had no right under the law to make said contract, and was not bound thereby, and that said defense was so urged by the same administrators, as representing the said city,

and that by reason of their acts, and of said judgment, they having exceeded the authority granted to them by law, have rendered themselves personally liable to petitioner for the amount of said claim.

The defendants excepted to this action on the following grounds :

*First.* *No cause of action,* in this, that said ordinance No. 1630 was not held illegal by the Supreme Court, but on the contrary, that the work was not done in accordance with the ordinance.

*Second.* That there is a *misjoinder of parties,* there being no allegation of fraud, conspiracy, combination or common design set forth in the petition.

*Third.* That in event the court holds there is a cause of action, then it is one *arising ex delicto,* and the prescription of one year is pleaded.

The court below for oral reasons maintained the exceptions and dismissed the suit, and plaintiff has taken this appeal.

Upon an examination of the decision in the case referred to in the pleadings, entitled M. A. Southworth vs. City of New Orleans, 25 A. 333, we find that that decision was not based upon the illegality of the ordinance in question, as alleged in the petition. In relation to the acts of the plaintiff, purporting to have been performed under the ordinance, and for which compensation was claimed from the city, the court uses this language :  " Instead of procuring and recording, according to law, certified copies of judgments, as directed in the foregoing ordinance, the plaintiff pursued the mode and followed the provisions in Section 12 of Act No. 73, above referred to. By said section a special mode was provided for recording the taxes due the city, but the work was to be performed by the city officials and employees without any cost to the city."

A reference to Section 12 of the Act of 1872 mentioned, shows that it made no provision for the recording of tax judgments, as was required and provided for by the city ordinance under which the alleged services of the plaintiff were rendered.   That section provided for the preparation, by the Administrator of Public Accounts, of registers of all taxes due and exigible, and to enable him to perform this work the Administrator of Finance, the Clerks, Civil Sheriff and all attorneys and ex-officers were required " to turn over to him for his temporary use all bills, accounts, writs and records in their hands," and the Administrator of Accounts was then required to " enter, in duplicate, registers of all the necessary particulars and dates for recording and settlement of the accounts, including interest and costs incurred."

But even had the court decided that the ordinance in question was unauthorized by law, it would not necessarily follow that by passing such ordinance the officers made themselves personally liable.

The general rule of law on this subject appears to be, that when officers of a municipal corporation, clothed with legislative functions, involv-

ing a legislative discretion, make a mistake as to the extent of their powers, a mistake which was shared by the party with whom they contracted, having equal opportunities of information touching the powers delegated to such officers, and there is nothing in the proceeding looking to personal responsibility, the officers in such case are not personally liable.

6 Cushing (Mass.) 56.

2 Greenleaf (Maine), 14; *Ib.* 358.

27 Conn. 385.

11 Serg. & Rawle (Penn.) 126.

1 Parsons on Contracts, 57.

We see nothing in the allegations of the petition in this case to except it from this well recognized rule.

There is nothing to show that the plaintiff was not fully informed, nor that he was designedly deceived by the acts or pretensions of the defendants; and finally, that he did not fully consent to the contract and thereby voluntarily contribute to his loss or damage, if any he has incurred.

*Volenti non fit injuria.*

There is still another reason why the action cannot be maintained. The prescription of one and three years is pleaded against it.

Had the contract imposed by the ordinance been a legal one, the plaintiff could have sued the city on such contract at any time within ten years. The theory of the suit, however, is that there was no legal or valid contract with the city, but on the contrary, that the officers exceeded their powers and were thus guilty of an usurpation of authority ; and such usurpation was a wrongful act committed towards the plaintiff, from which wrongful act or tort the loss or damage complained of by him has resulted.

This certainly constitues a *quasi offense* and a suit to recover the loss sustained thereby would be an action *ex delicto,* and as such prescribed by one year.

The judgment appealed from is affirmed with costs.

The Chief Justice recuses himself in this case, having been of counsel.