FIRST NATIONAL BANK OF DETROIT v. BOARD OF COUNTY
COMMISSIONERS OF BECKER COUNTY and Another.[1]

August 2, 1900.

Nos. 12,071—(219).

### Contract by Public Officers—Personal Liability.

When public officers or agents in good faith contract with parties having equal means of knowledge with themselves, they do not become personally liable, although they may have exceeded their authority.

### Complaint Bad on Demurrer.

The complaint in this action does not state facts constituting a cause of action against the defendants, or either of them.

Action in the district court for Becker county against the board of county commissioners of Becker county and the board of county commissioners of Beltrami county. From orders, Searle, J., sustaining separate demurrers to the complaint, plaintiff appealed. Affirmed.

*C. D. & Thos. D. O'Brien*, for appellant.

*C. M. Johnston*, County Attorney, and *Harris Richardson*, for respondent Becker county.

*W. F. Street*, County Attorney, for respondent Beltrami county.

START, C. J.

The complaint alleges: That in the year 1871 the county of Beltrami was an established or unorganized county attached to the county of Becker, an organized county, for record and judicial purposes, and so continued to be attached until May, 1897, when it became an organized county. That during such time the affairs and business of the county of Beltrami were carried on and managed by the several county officers of the county of Becker. That the auditor of the latter county between March 25, 1891, and May 27, 1897, issued to the treasurer of his county, on different dates, for different amounts, and to different parties, one hundred ninety-four orders, requiring such treasurer to pay to the person named in each

[1] Reported in 83 N. W. 468.

order, or bearer, the amount therein named, out of money in the treasury of the county of Beltrami not otherwise appropriated. That all of the orders, amounting in the aggregate to $7,757.56, were presented for payment, which was refused for want of funds, and all of them have been assigned to the plaintiff. That each and all of the orders were issued for official services, election expenses, jury fees, and other services rendered to the county of Beltrami by the several persons to whom the orders were issued. The complaint further alleges that after the county of Beltrami was organized the plaintiff brought suit against it upon such orders, and that it was determined therein that they were not the valid obligations of the county of Beltrami. It also alleges that the plaintiff neither knows, nor can it ascertain, the amount of taxes levied and collected by the officers of the county of Becker upon the taxable property of the county of Beltrami during the time the latter was attached to the former, or the disposition thereof, but that the commissioners of each of the counties are fully advised in the premises.

Each of the defendants interposed a general demurrer to the complaint, which was sustained, and the plaintiff appealed from each of the orders.

1. That the complaint does not state a cause of action against the county of Beltrami is settled by the case of First Nat. Bank of Detroit v. Board of Co. Commrs. of Beltrami Co., 77 Minn. 43, 79 N. W. 591. The allegations of the complaint in that case were substantially the same as those of the complaint in this action, and in that case it was held that the orders in question were not the valid obligations of the county of Beltrami. We therefore hold that the demurrer of Beltrami county to the complaint was correctly sustained.

2. The complaint states no cause of action, legal or equitable, against Becker county. The services for which the orders in question were issued were not rendered to or for the benefit of that county. Nor do the orders purport on their face to be its obligations, for they were made payable out of a particular fund; that is, from any money in the treasury of Beltrami county not otherwise appropriated. There is no allegation in the complaint that there are now any funds in the treasury of Becker county belonging to

Beltrami county, or that the former county now has or ought to have any funds applicable to the payment of the orders, or that Becker county was in any manner negligent in failing to provide such funds by a tax levy on the taxable property in Beltrami county. See G. S. 1894, § 1665.    Conceding that Becker county is liable for the payment of orders issued by its auditor, payable out of funds belonging to Beltrami county, to the extent of money received by it from the ten mills per acre tax it was authorized to levy to meet the expenses of the unorganized county of Beltrami, yet there is not a suggestion in the complaint that the officers of Becker county have not fully and legally disbursed every dollar received from such source.    In the absence of any suggestion or allegation in the complaint to the contrary, they are presumed to have done so.    The allegations of the complaint as to what the plaintiff does not know and cannot find out about such taxes and their disbursement add nothing to the legal effect of the complaint; for such allegations fall far short of stating facts sufficient to require an accounting as to the amount of money received by Becker county from such taxes, and the disposition thereof.    The complaint does not even allege that the plaintiff has ever requested any statement from the officers of Becker county as to the amount of money received from such source, and how it was disbursed, or that the plaintiff has done anything to inform itself in the premises, or that it has any reason to believe or does believe that Becker county has or ought to have any money equitably applicable to the payment of the orders held by the plaintiff.

Counsel claim that Becker county is liable for the payment of the orders, because by its officers it represented itself to be the agent of Beltrami county, and authorized to issue orders on its behalf.    The rule that one who acts as agent for another without authority makes himself personally liable has no application to this case; for, when public officers or agents in good faith contract with parties having equal means of knowledge with themselves, they do not become personally liable, although they may have exceeded their authority.    Sanborn v. Neal, 4 Minn. 83 (126).    The laws of the state showed exactly the relation of Becker county and its officers to

Beltrami county, and every one purchasing the orders issued by the officers of the former was charged with notice of the extent of their authority.

Other than as we have indicated, counsel for plaintiff have suggested no reason why the complaint states a cause of action against either of the defendants. They seem to assume that the plaintiff must necessarily be entitled to some remedy, and that, having stated the facts, the court must apply the remedy. The trouble, however, is that the complaint does not state facts entitling the plaintiff to any remedy. If its allegations are true, ethically the plaintiff ought to receive payment of the orders from Beltrami county, for whose benefit the services for which they were issued were rendered. But the only means provided by law for their payment was out of a fund provided by a tax to be levied by Becker county on the taxable property in Beltrami county, not to exceed in the aggregate, for all purposes, one cent a year on each acre of taxable land in the county. The orders were made payable out of this fund. Now, it would seem that the tax was inadequate to meet the legitimate demands on the fund, hence there was a deficit. The legislature (see Laws 1897, c. 99) provided for the organization of all unorganized counties, including Beltrami, without making any provision for the payment of such deficit by continuing the tax until the fund was sufficient to meet the outstanding orders, or in some other practical way. What the remedy of the plaintiff in the premises is, if any it has, we do not assume to decide. We simply hold that the facts alleged in the complaint do not state a cause of action against either defendant.

Orders affirmed.