JOHN SCHIEBER v. A. J. VON ARX and Others.[1]

October 31, 1902.

Nos. 13,196—(78).

**County Commissioners—Reward.**

A resolution of the county commissioners offering a reward for the finding and identification of a missing man is in excess of legal power, and does not authorize a contract between the county and a third person.

**Same—Publication of Resolution.**

Where such a resolution was adopted in good faith at a regular meeting of the board, and, after being signed by the commissioners individually, was attested by the county auditor, and in that form published in a newspaper, the authorized inference to be drawn from such published resolution is that the board intended in its official capacity to create a public liability.

**Individual Liability.**

Hence, where a third party acts upon such offer of reward, the commissioners do not become individually liable, although, as members of the board, they exceeded their authority in that respect.

Action in the district court for Houston county to recover from defendants, A. J. Von Arx and others, individually, $100, being the amount of a reward offered, in excess of their authority, by defendants, as county commissioners of said county, for the finding and identification of a missing man. From a judgment upon the pleadings in favor of defendants, entered pursuant to an order of Kingsley, J., plaintiff appealed. Affirmed.

[1] Reported in 92 N. W. 3.

*W. H. Harries,* for appellant.

*James O'Brien* and *O. K. Dahle,* for respondents.

LOVELY, J.

Upon the pleadings in this case defendants moved for judgment, which was ordered in their favor, and duly entered. Plaintiff appeals from the judgment.

The substantive facts disclosed in the issues alleged are as follows: About May 15, 1900, a young man disappeared from his home near Caledonia, in Houston county, which caused considerable excitement, many people believing that he had been murdered. The defendants were the commissioners of Houston county, and at the regular July session for the year 1900 the county board, as a part of its proceedings, in good faith, and upon the advice of the county attorney, adopted a resolution, the material portions of which we here quote:

"Be it resolved that we, the undersigned county commissioners of Houston Co., Minn., will pay the following reward on the following conditions: $50.00 to the person who finds and proves to us that the missing man John Peter SacMary is alive. $100.00 to the person or persons who find and identify the body in case he is dead."

The resolution was entered at length under proper date as a part of the proceedings of the board, and was thus formally signed by the defendants:

"A. J. Von Arx, Chairman.
Francis Duffy,
C. Rasmussen,
A. H. Belding,
O. H. Newhouse,
Co. Commissioners, Houston Co., Minn."

After being attested by the signature and seal of the county auditor, it was then published in a newspaper issued at the county seat. It further appears that the plaintiff, a few days afterwards, found the dead body of the missing man in the woods. He saw the published resolution, and notified the public authorities, by whom the body was identified. At subsequent sessions of the board plaintiff presented a properly verified bill against the county,

claiming $100 for the finding and identification of the body, which was ultimately rejected, through the advice of a new county attorney, upon the ground that the bill was not a legal charge upon the public funds. The plaintiff then brought this action against defendants to recover the sum named upon the theory that the members of the board were individually liable therefor.

The trial court disposed of the motion for judgment upon the view that the facts above set forth established that the county board, under a mistaken view of their authority, had offered a reward for the discovery of a missing person supposed to have been foully dealt with, but that such offer did not subject its members to the personal liability claimed. Conceding that the county board intended to act in their public capacity when promulgating this offer, the conclusion of the court was undoubtedly correct, for "when public agents in good faith contract with parties having full knowledge of the extent of their authority, or who have equal means of knowledge with themselves, they do not become individually liable unless the intent to incur a personal responsibility is clearly expressed, although it should be found that through ignorance of the law they may have exceeded their authority." Sanborn v. Neal, 4 Minn. 83 (126); First Nat. Bank of Detroit v. Board of Commrs. of Becker Co., 81 Minn. 95, 83 N. W. 468.

While it is insisted that by the form of the resolution the reward appears to have been the act of the commissioners individually, we are quite clear that the admitted facts show it was not so intended. The resolution is criticised for not stating that the offer was made "as a board," or "for the board," to indicate such an intent; yet no other conclusion can be derived from the terms actually adopted than that it was a public act, without such qualification. The offer was made in good faith under the advice of the county attorney, and in the form of a resolution passed at a session of the board as a part of its ordinary proceedings, then signed by the county auditor, who is the clerk of the board, then attested by his seal, and published, presumably under G. S. 1894, § 671, which provides that

"County commissioners shall have and use the seal of the auditor of their county as their common seal, * * * and shall cause their official proceedings of each session to be published in some newspaper printed and published in their county."

Although it would have been more formal to have stated in the resolution that the offer was made for the county, we have no doubt that it otherwise sufficiently appears therein that the reward was intended to be made officially, and that it was not the purpose of the members of the board to incur a personal obligation for what was erroneously supposed to have been a public duty. Neither the legal understanding nor common sense of an ordinary layman could have been misled as to the purpose of the resolution in that respect. The plaintiff himself interpreted its meaning correctly when he made his claim against the county, and it does not follow, because the county is not bound by such offer, that the commissioners are liable thereon individually.

Judgment affirmed.