A. HENRY ET AL., APPELLANTS, V. MARTHA E. HENRY ET AL., APPELLEES.*

FILED MAY 3, 1905. No. 13,769.

1. **Administrator: MORTGAGE: SUBROGATION.** One who has loaned money to an administrator upon a void mortgage, a part of which was used to pay a previously executed void mortgage, is not entitled to subrogation to a lien discharged with the proceeds of the latter mentioned mortgage.

2. **Public Officials: CONTRACTS: LIABILITY.** Persons contracting with public officials, deriving their authority exclusively from a statute, are charged with knowledge of the extent and limitations

---

* Rehearing allowed. See opinion, p. 752, *post.*

of such authority, and, in the absence of bad faith, contracts entered into in the supposed exercise of public powers and functions so derived will not impose upon the officials executing them any personal liability to the party contracted with.

3. An administrator appointed under the statute is not in any sense an agent of his intestate, but is a public trustee, of defined and limited powers.

APPEAL from the district court for Dawson county: CHARLES L. GUTTERSON, JUDGE. *Reversed with directions.*

*E. C.* and *H. V. Calkins,* for appellant Colton.

*H. M. Sullivan* and *Warrington & Stewart,* for appellants Henry and Loibl.

*E. A. Cook, George W. Fox* and *John Linderman,* contra.

AMES, C.

In 1887 Samuel Gayman died intestate in Dawson county, in this state, where he owned two tracts of land, which for the sake of brevity will be called section four and section twelve, each tract being 160 acres in extent. Section four was his homestead, occupied as such by himself and family at the time of his death. At that time both tracts were incumbered by separate mortgages, the homestead for $230 and section twelve for $600. In March, 1887, shortly after her husband's death, the widow was appointed administratrix of his estate, and also as guardian of the children of the marriage, all of whom were minors. Five years afterwards, in March, 1892, the widow, assuming to act as administratrix, executed two new mortgages on section twelve in the aggregate for $330, and with the proceeds paid off the mortgage on the homestead; but these mortgages were executed without authority of law, and are admitted by counsel to have been void. The $600 mortgage existing on section twelve at the time of the death of the husband seems to have been

previously discharged in some manner not disclosed by the record. In 1896 she executed, as administratrix and guardian, two additional mortgages aggregating $1,000 in amount and each of them covering both tracts. It is admitted by counsel that these instruments were also unauthorized and void. With the proceeds she paid off her own void mortgage on section twelve, and accumulated taxes to the amount of $281.56. The residue of the money appears to have been expended in the purchase of farm machinery and in carrying on the business of agriculture. In 1902 the children, having attained their majority, executed jointly to the widow and her bondsmen a release from liability on account of her conduct of her office as administratrix, and she and they were accordingly discharged by order of the county court. At about the same time, or shortly afterwards, all the heirs except the plaintiffs in this action, A. Henry and Sarah Loibl, executed conveyances of their undivided interests in the lands to the two latter. At the same time the widow also conveyed her estates in the lands to the plaintiffs. This action was brought for the purpose of removing the two mortgages last executed as being clouds upon the titles of the plaintiffs. The trial court granted the prayer of the petition, except as to the dower and homestead estate of the widow, upon the latter of which the mortgages were adjudged to be liens in the sum of $1,683 for principal and interest, but denying a decree of foreclosure and sale because of insufficiency of the prayer to the answer and cross-petition. Both parties appealed.

The mortgagee rests his case upon two contentions. The first is that he is entitled to be subrogated to the mortgage debt on the homestead that existed at the date of the death of the testator. But his debt was not paid with the proceeds of his mortgage, but was discharged four years previously to its execution with money derived from the void prior mortgage given to another person on section twelve. This prior mortgagee's equity, if he had one, which we do not decide, was extinguished when his demand was paid.

Counsel has cited to us neither principle nor authority that warrants us in thinking that it was kept alive, or can be revived ten years after its satisfaction, to serve as an equitable consideration for his own instrument. The principle cited by counsel from *Schlicker v. Hemenway*, 52 Am. St. Rep. (Cal.) 116, 128, that one who has furnished money to an executor or administratrix for the benefit of an estate may, in certain circumstances, be subrogated to a right of the latter to reimbursement, is without applicability to this case. What he is seeking for his client is not subrogation to any right, real or supposed, of the administratrix, who clearly has none, but to that of her prior mortgagee whom she has long ago fully paid off and satisfied. It is not seriously contended, and we suppose will not be so, that any lien or right of subrogation was created on account of moneys derived from the mortgages in suit, and expended for the purchase of farm machinery and for general uses. Such a rule would amount to a substantial subversion of the statute relative to the settlement of the estates of deceased persons. The statute prescribes for what purposes lands belonging to an intestate's estate may be incumbered by his personal representative, and it is not suggested that the mortgagee, who is, of course, chargeable with knowledge of the law, was ignorant or was misled as to any matter of fact.

Counsel urges secondly that the administratrix, in procuring the loan and executing the mortgages in suit, acted in a manner analogous to that of one who without authority assumes to contract as the agent of another, or of an agent who contracts in the name of his principal in excess of authority, and that, as the real or supposed agent obligates himself by such transactions, the administratrix ought by the same principles to be held to have charged her life estates of dower and homestead with the liens of the mortgages.

There are several difficulties with this supposed analogy. One of them is that an administrator is not an agent of his intestate, but derives his authority solely from the statute

and is with respect thereto a public officer. The rule of law as to public officers is that they are not personally liable upon their official contracts, although in excess of their powers, if they are not guilty of bad faith, and the persons with whom they contract have equal means with themselves of knowing the extent of their authority, or the latter depends upon a public statute. Persons contracting with them are supposed to know the extent and limitation of their powers. A different doctrine would be contrary to public policy. 19 Am. & Eng. Ency. Law (1st ed.), 500, and note. Another of such difficulties is that, although one may bind himself personally by an unauthorized or excessive contract as the agent of another, he does not ordinarily thereby charge the obligation as a specific lien upon his lands or estates. The dower and homestead estates of the widow were quite as distinct from the estates descendible in fee to the heirs, and over which she was given charge by her appointment as administratrix, as were any other estates in any other tracts of land of which she may have been the owner, and the instruments she executed were as destitute of reference to the former, and were as little intended to affect them, as the latter. One who without authority contracts in the name of another cannot dispute that he intended to obligate somebody, and as no one but himself can be bound, he is presumed to have intended to bind himself; but one who without authority executes a mortgage upon the land of another, although he may render himself civilly liable in damages for his fraud, cannot be presumed to have intended to create a lien upon one or upon one or more of several tracts of land belonging to himself.

In connection with both these contentions there is a persistent insistence that the plaintiffs, who are seeking the aid of equity, should be granted the relief they pray only upon condition of themselves doing equity. But it is a prerequisite to the application of this maxim that the equity which the plaintiffs are required to perform shall be pointed out. At the time these transactions were had,

the plaintiffs, as well as their brothers and sisters, were minors, and not subject to the operation of the law of estoppel. It is not pretended that the widow, or anybody connected with or representing her, was guilty of fraud or deceit, or that the mortgagee labored under any misconception not due to his own negligence or ignorance. We do not indeed know that he, or the agent through whom he transacted the business, committed or was influenced by any mistake at all. He is presumed to have known the law, and for aught that we know he may have been content to rely mainly, if not wholly, upon the honor and personal responsibility of the administratrix. He did, it is true, procure her to execute mortgages, but he knew they were not authorized by order of any court, and that the money was borrowed for uses for which a judicial order would have furnished no justification. There are, indeed, among the county judge's loose files, papers purporting to be petitions for leave to make these mortgages and copies of orders to a corresponding effect, but none such documents is spread upon the records of the court, and they are admitted by counsel to be of no legal validity. Out of these circumstances we do not understand how the court can raise an equity against the minor children or their successors in interest.

We recommend that the judgment of the district court be reversed and that the cause be remanded, with instructions to render a final decree in conformity with the prayer of the petition.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and that the cause be remanded, with instructions to render a final decree in conformity with the prayer of the petition.

JUDGMENT ACCORDINGLY.

The following opinion on rehearing was filed May 3, 1906.  *Judgment modified:*

1. **Quieting Title:** EQUITY.  A party seeking relief from a cloud upon the title to land created by a void mortgage may be compelled to do equity as a condition precedent to relief, even though the holder of the mortgage could not enforce the same by foreclosure.

2. **Pleading.**  Where a petition alleges the rendition of a judgment, which is not denied, no proof is necessary to establish the fact.

LETTON, J.

The facts in this case are set forth in the former opinion, *ante,* p. 746.  Upon rehearing it was strenuously urged by the appellant Colton that in our former consideration of this case we had not given sufficient weight to the argument that he who seeks equity must do equity, and that the plaintiffs who are seeking the removal of the cloud upon their title created by the mortgages should be required to pay such portion of the mortgage debt as was used to defray the mortgage lien and taxes upon the homestead at the time of the death of Gayman, as a condition precedent to the relief prayed.  We think it clear that, under the holdings of this court upon the right to subrogation, the former opinion was correct upon that question, and that if the appellant had brought an action to foreclose his mortgage claiming by virtue of being subrogated to the mortgage made by Gayman before his death, he could not have succeeded.

A part of the money of appellant which was loaned upon the void mortgage was used to extinguish a mortgage debt which was created in part to release the homestead from the lien of a mortgage debt of $230 incurred in Gayman's lifetime.  To the extent that this mortgage has been paid off the plaintiffs have been benefited, and it is no more than just that, before they ask a court of equity to relieve them from the cloud created by the void mortgage, they should refund to the appellant as much of his money as relieved

them from this burden.   2 Pomeroy, Equitable Remedies, sec. 688.   The case is similar to one where an action is brought to remove the cloud created by a usurious mortgage.   The plaintiff in such case would be required to pay the debt, with legal interest, as a condition of relief, though, if an action to foreclose had been begun by the holder of the mortgage, and the defense of usury maintained, he would lose either the entire debt or all of the interest, depending upon the statutory penalty imposed by the particular jurisdiction in which the debt was incurred. It will be noted that the plaintiffs in their petition pray: "That the court shall fix, ascertain and determine the amount, if any, for which the mortgages held by Colton are liens on said land, and this amount the plaintiffs are ready and willing to pay."   As to the money which was used to pay taxes upon the homestead, it is impossible from the evidence to tell how much was used for that purpose, or how much was applied upon the taxes upon the land in section 12, and further, since it was the duty of the widow as tenant for life to pay the taxes, the plaintiffs were not directly benefited by their payment.   In other points we agree with the conclusions of the former opinion.

In the former opinion no mention was made of the complaint of plaintiff as to the judgment in favor of Aultman, Miller & Co.   The contention is that this was not supported by the evidence.   The record fails to contain the transcript which it states is attached, but, since the judgment is alleged in the pleadings and no denial made, the fact must be taken as true, and the judgment of the district court therefore is not without support.

The former judgment of this court is adhered to, except so far as modified by the foregoing opinion, and the cause is reversed, except as to the judgment in favor of Aultman, Miller & Co., and is remanded to the district court, with instructions to ascertain the amount that would be due upon the original mortgages given by the deceased, Simon Gayman, upon the east half of the southeast quarter of section four, township eleven, range twenty-four, if still un-

paid, with interest, and to require the plaintiffs to pay the same to the appellant Colton, as a condition to obtaining the relief prayed in their petition as regards said eighty acre tract.

JUDGMENT ACCORDINGLY.