NELSE ANDRESEN V. BALTHAS JETTER ET AL.

FILED MAY 3, 1906. No. 14,306.

1. **Trial.** It is not error for the court to omit to submit to the jury evidence in support of a cause of action not set forth in the pleadings or embraced within the issues.

2. **Evidence** examined, and *held* to justify a peremptory instruction to return a verdict for the defendants.

ERROR to the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*E. W. Simeral,* for plaintiff in error.

*A. S. Ritchie, contra.*

AMES, C.

This is a joint action against Balthas Jetter, a saloon-keeper, and Theodore Jorgensen, his barkeeper, and two other persons who are sureties upon the liquor bond of the former to recover damages for an alleged assault by Jorgensen upon the plaintiff, none of the other defendants being present or cognizant of it. The evidence is very brief and without conflict. The plaintiff was in the saloon where he had been drinking to some degree of intoxication, it does

not appear how great, but evidently falling a great deal short of incapacitation either mental or physical. While there he fell into an altercation with the barkeeper in which he used language which he says provoked the assault complained of, but which he testifies he would have used if sober, in reply to certain alleged insulting remarks by Jorgensen, who does not appear to have been intoxicated. At the conclusion of the plaintiff's evidence the court directed a verdict for the defendants, and the plaintiff prosecutes error.

Upon this showing we do not see how it can be maintained that the damages alleged were, in the language of the statute, "sustained in consequence of the liquor traffic." For aught that appears to the contrary the same provocative words on both sides might have been used and have had the same effect at any time and any place when and where the parties should have met, and it is expressly shown that they were not due to intoxication. The judgment and verdict are, therefore, unquestionably correct as to all the defendants except Jorgensen and as to them should be affirmed.

The action is distinctly and unequivocally in contract, on the liquor bond. The charge is that the liquor dealer, by and through Jorgensen as his agent, sold and gave to the plaintiff intoxicating liquors, and that Jorgensen also drank such liquors, and "that, on account of the liquor so drank by Jorgensen and this plaintiff, he, the said Jorgensen, did make" the assault complained of. This is the sole cause of action set out, or attempted so to be, in the petition and, as we have seen, there was a total failure of proof in its support, but the plaintiff contends that, even such being the case, there was sufficient evidence of assault by Jorgensen to have supported a recovery against him in a common law action in tort, and that, although there was no ground of action against the other defendants, the evidence ought to have been submitted to the jury against him, or an instruction to return a verdict against him ought to have been given by the court. The brief of plaintiff in error con-

tains neither argument nor citation in support of this contention and we are satisfied that none can be found. The course suggested would be to permit a recovery upon a cause of action not set forth in the pleadings or embraced within the issues, and which would, therefore, not have been disclosed by a complete record so as to operate as a bar to a new prosecution for the same cause.

For these reasons, it is recommended that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.