ETTA J. HOLZ, APPELLEE, V. FRANK A. BURLING ET AL., APPELLANTS.*

FILED APRIL 13, 1909.   No. 15,583.

1. Executors and Administrators: SALE OF LAND: ASSUMPTION OF MORTGAGE. A purchaser at an administrator's sale who assumes a prior mortgage on the land does not thereby incur any obligation to an heir who repudiates the sale on the ground that the property was the homestead of the deceased.

2. Remainders: INCUMBRANCES: PURCHASE BY THIRD PERSON. A party

* Rehearing denied. Case reversed and *remanded.*

who sustains no fiduciary relation to nor privity of estate with a remainderman may lawfully purchase a mortgage which is a paramount lien upon the property and have the same foreclosed with the purpose of obtaining a title good as against such remainderman.

APPEAL from the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Reversed and dismissed.*

*Rinaker & Kidd* and *M. B. Davis,* for appellants.

*W. H. Kelligar, E. Ferneau* and *W. H. Ashby, contra.*

CALKINS, C.

In 1887 Gerd Holz died intestate, leaving him surviving his widow and two infant children, of whom the plaintiff alone survives. At the time of his death he was seized in fee of a farm of 80 acres not exceeding $2,000 in value, which was occupied by him as a homestead, and which was incumbered by a mortgage to secure a debt in the principal sum of $500, which mortgage had been duly executed and acknowledged by himself and wife. Upon his death a brother of the deceased and the widow were appointed joint administrators of his estate, and duly qualified as such. About one year after the decease of the said Gerd Holz his widow married one Frank Freirichs, but she continued to act as administrator, and in 1893, with her coadministrator, she filed an application for and secured from the district court a license to sell the real estate in question for the payment of debts. Under this license the land was sold, and purchased by the said Frank Freirichs, the sale being confirmed on the 14th day of May, 1894. The said purchaser, together with his said wife, immediately executed a mortgage upon the said land to one Thomas R. Burling, a relative of Freirichs, to secure the payment of $1,000, and a second mortgage of a similar amount to the same party to indemnify him from liability as surety of Mrs. Freirichs, who had been appointed guardian of the plaintiff.

On the 11th day of June, 1894, the said Thomas R. Burling purchased the $500 mortgage which had been executed by Gerd Holz and his wife before his death, and in August, 1894, he began a foreclosure suit upon said mortgage, together with the mortgage executed to him by the Freirichs to secure the sum of $1,000. The plaintiff was made a party defendant in this suit, due service of summons was had, a guardian *ad litem* was appointed for her, and such action resulted in a decree for the sale of the said premises. In pursuance of this decree the premises were again offered for sale and sold to Frank Freirichs, to whom the same were conveyed by sheriff's deed after the confirmation of such sale. Upon receiving this deed mortgages were executed upon said land as follows: one to E. G. Drake for the sum of $1,000; another to the same party for the sum of $100; and still another to Thomas R. Burling for the sum of $570. The $1,000 mortgage was afterwards assigned to one John Toner, and the $100 mortgage to one Cook. Default having been made in the payment of these mortgages, Toner brought an action to foreclose the same, making Cook and Burling codefendants, each of whom filed cross-petitions, and all said mortgages were foreclosed by a decree rendered May 19, 1897. In December, 1897, Thomas R. Burling purchased the interests of Toner and Cook. Mrs. Freirichs died July 25, 1897, and on the 28th day of December, 1897, the said decree remaining unsatisfied, the said Frank Freirichs conveyed said premises to Thomas R. Burling. Thomas R. Burling died May 11, 1898, leaving him surviving a widow and five children, and a will, by the terms of which he devised one-third of all his real estate to his widow, and the remaining two-thirds to his children share and share alike. Afterwards, and in December, 1902, the widow and children made a partition of said property by voluntary conveyances, the defendants in this action receiving the conveyances from the widow and other children of the land in question, in consideration of which they conveyed to such widow and

the other children their interest in the other lands of their deceased father. The plaintiff, having become of age, brought this action in 1905, claiming that both conveyances to Freirichs were void, and asking that the same be so declared and the title to said lands quieted in her. This suit resulted in a decree rendered the 30th day of September, 1907, granting said prayer upon condition that the plaintiff pay to the defendants the sum of $705, which was the amount of the original $500 mortgage, with interest at 7 per cent. to December 28, 1897, the date when the premises were deeded to Thomas R. Burling by the said Frank Freirichs. From this judgment the defendants appeal.

1. The petition attacks the *bona fides* of the application made by the administrators for the sale of this land. It is conceded that the property was the homestead of the deceased at the time of his death, and that its value did not exceed the sum of $2,000. This being the case, the license of the administrators was void, even though the proceedings were regular. *Tindall v. Peterson,* 71 Neb. 160, 166; *Brandon v. Jensen,* 74 Neb. 569. As the purchaser at such sale could take no title as against the minor heir of the deceased who was seized of a vested remainder in the premises, it is unnecessary to consider whether the proceedings for the sale were instituted in good faith or regularly had.

This brings us to the consideration of the nature of the title based upon the foreclosure of the $500 mortgage. This mortgage was executed and acknowledged by the deceased and his wife before his death in such manner as to make the same a valid lien upon the homestead. It follows that the right of redemption of the widow and heirs of the deceased would be barred by a foreclosure proceeding, and that a sale had under a proper decree in foreclosure, if regularly made and duly confirmed, would be sufficient to convey a title in fee to the purchaser, unless such purchaser sustained such relation to the heirs of the deceased as would under some principle known to

equity jurisprudence prevent him from acquiring such title. No such relation is pointed out, but the plaintiff states that, in purchasing the land at the administrators' sale, Freirichs assumed and agreed to pay off the $500 mortgage. Conceding this to be true, any undertaking on his part to pay off existing liens upon the land purchased was founded upon the consideration of the conveyance of a title to him. Since he got nothing, as we have seen, by said conveyance, there was no consideration for any undertaking on his part to pay off the mortgage, and, regarding the administrators' sale and deed thereunder as void and as conveying no rights to Freirichs, he was placed under no obligation thereby.

2. The only finding of fact which suggests any fraud in the foreclosure proceeding is "that the foreclosure suit carried on in the district court in the name of Thomas R. Burling against Frank Freirichs, Anna Freirichs and this plaintiff was for the purpose of enabling Frank Freirichs to acquire a legal title to the said premises as against this plaintiff." From this finding the district court reached the conclusion of law that the foreclosure of the $500 mortgage was fraudulent as to the plaintiff herein. There are no facts except the alleged assumption of this mortgage by Freirichs at the time of the administrators' sale either pleaded or proved which constitute fraud. It is not pointed out what fiduciary relation Freirichs sustained toward the plaintiff. It was suggested on the argument that by the administrators' sale he acquired the life estate which the widow had in the premises, but it was not argued therefrom, as it might have been, that, he sustaining the relation of a life tenant to a remainderman, the purchase by him of a paramount title would be for their joint benefit if the remainderman should within a reasonable time offer to contribute his share of the expense of such purchase. We do not think, however, that Freirichs acquired the life estate held by his wife. The rule has been established in this state that an administrator derives his authority solely from the

statute, and is with respect thereto a public officer. The rule of the law as to public officers, that they are not personally liable upon their official contracts although in excess of their powers, is applied to administrators. *Henry v. Henry,* 73 Neb. 746; 2 Woerner, American Law of Administration (2d ed.), sec. 480. In this case the deed of the administrator was made in her official capacity, and not as an individual, and according to the doctrine established in *Henry v. Henry, supra,* she did not convey her individual estate. There is therefore a want of any relation between Freirichs and the plaintiff, except that he was her stepfather. It is not, and probably will not be, contended that this relation is one which made his acquisition of a paramount title void, or that a trust resulted from such relation, by which he held the title for her benefit. There being no privity of estate nor fiduciary relation existing between the plaintiff and Frank Freirichs, there is no principle of law or equity that forbade him to purchase the mortgage and have it foreclosed for the purpose of acquiring title to the property.

We therefore recommend that the judgment of the district court be reversed and plaintiff's action dismissed.

DUFFIE, EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and plaintiff's action dismissed.

REVERSED AND DISMISSED.