W. L. Warters *v.* W. Y. Boswell *et al.*[*]

(*Knoxville.*   September Term, 1925.)

1. **OFFICERS.** Public agent not individually liable on contracts within scope of agency.

Public agent is not individually liable on contracts made by him within scope of his agency, or in conformity to established and known course of business he is employed to transact, but he may make himself so by terms of contract. (*Post, pp.* 481, 482.)

Cases cited and approved: Amison & Dovey v. Ewing, 42 Tenn., 366; Powell v. Finch, 13 Tenn., 446; Erwin v. Davenport, 56 Tenn., 44; Enloe v. Hall, 20 Tenn., 303; Newman v. Davenport, 68 Tenn., 538; Brazelton v. Colyar & Gardner, 61 Tenn., 234; Archibald I. Lawrence v. Oliver H. Toothaker et al., 75 N. H., 148.

2. **ELECTIONS.** Chairman of board of election commissioners not personally liable to pay for unnecessary supplies ordered by him in good faith.

Where chairman of Morgan county board of election commissioners, in his official capacity ordered voters' registration supplies in good faith, erroneously thinking that act of 1921 extended registration laws, as well as Dortch Ballot Law, to such county, and signed order as such chairman, he was not personally liable for payment, as public agent contracting in good faith with parties having full or equal knowledge of extent of his authority does not become individually liable, unless such intent is clearly expressed, though he exceeded his authority. (*Post, pp.* 482-484.)

Cases cited and approved: Houston v. Clay County, 18 Ind., 396; Newman v. Sylvester, 42 Ind., 106; Southworth v. Flanders, 33 La. Ann., 190; Humphrey v. Jones, 71 Mo., 62; Sanborn v. Neal, 4 Minn., 126; First Nat. Bank v. Becker County, 81 Minn., 95; Henry v. Henry, 73 Neb., 746; McCurdy v. Rogers, 21 Wis., 198.

3.  **ELECTIONS.** Chairman of board of election commissioners held not liable for ''conversion'' of unnecessary supplies ordered by him.

Where chairman of county board of election commissioners, in his official capacity, ordered supplies, not required by law, in good faith, and came into possession thereof by authority and with consent of seller, who had knowledge of official limitation on his powers, he was not liable for conversion, which is unauthorized assumption and exercise of right of ownership over goods or personal chattels of another to alteration of their condition or exclusion of owner's rights (citing Words and Phrases, First Series, "Conversion"). (*Post, pp.* 484, 485.)

Case cited and approved: Newlin v. Prevo, 90 Ill. App., 515.

Case cited and distinguished: Laverty v. Snethen, 68 N. Y., 522.

---

*Headnotes 1.  Officers, 29 Cyc., p. 1446; 2. Elections, 20 C. J., Section 203 (Anno); 3. Trover and Conversion, 38 Cyc., p. 2086.

---

FROM MORGAN.

---

Appeal from the Chancery Court of Morgan County. —Hon. W. R. Officer, Chancellor.

Smith, Word & Anderson, for Warters.

W. Y. Boswell and John A. Jones, for defendants.

Mr. Justice Hall delivered the opinion of the Court.

The bill in this cause was filed by the complainant, W. L. Warters, to recover upon an account alleged to be due him from the defendants, Morgan county and W. Y. Boswell.

The chancellor dismissed the bill as to the defendant Boswell, and sustained it as to Morgan county, rendering a decree against Morgan county in favor of the complainant for the sum of $265.20, with interest from August 29, 1923, amounting to $11.54, or a total of $276.74, together with all costs of suit except the cost incident to making the defendant Boswell a party defendant.

From this decree Morgan county prayed and was granted an appeal to the court of appeals.

The complainant also prayed an appeal from that portion of the decree dismissing his bill as to the defendant Boswell and taxing him with the cost incident to making Boswell a party.

The appeal by complainant was granted upon condition that he execute an appeal bond, which he failed to do, and in lieu of an appeal he filed the record for a writ of error in the court of appeals, and also assigned as error in that court that the chancellor, while correct in holding Morgan county liable upon said account, erred in dismissing the suit as to the defendant Boswell, and adjudging the cost incident to making him a party defendant against complainant.

The court of appeals reversed the decree of the chancellor, and dismissed the bill as to all of defendants, taxing complainant with the costs.

The court of appeals, however, was divided in its opinion, Mr. Justice Snodgrass, who prepared the opinion of the court, being of the opinion that the complainant was entitled to a decree against the defendant Boswell, he having, in conjunction with other members of the election commission for Morgan county, converted the property of complainant, and, having put it beyond the

power of complainant to recover its possession, he should therefore be charged with its value. The other members of the court, to-wit, Justices Thompson and Portrum, were of the opinion that neither of said defendants were liable, and were of the opinion that the bill should be dismissed.

The cause is now before this court upon the complainant's petition for a writ of *certiorari,* and for review.

The record discloses that on July 30, 1921, the complainant received from the defendant Boswell, he being a member of the board of election commissioners for Morgan county, an order for certain supplies to be used for said counties in registering the voters of said county under the registration laws of the State; the order being in the following words and figures:

"W. Y. Boswell,
"Attorney at Law and
"Solicitor in Chancery.
"Oakdale, Tenn., July 30, 1921.

"Mr. W. L. Warters Co., Knoxville, Tenn.—Dear Sirs: We want registration supplies for 20 precincts in Morgan county. Get them to us at once. We had overlooked this matter. Get them out here just as quickly as it is humanly possible for you to do this.

"Very truly,
"W. Y. Boswell,
"Chairman County Election Commissioners."

Upon receipt of this order, complainant prepared the supplies called for and shipped them by express to the defendant Boswell at Oakdale, Tenn., and rendered an invoice to said Boswell for said supplies.

Upon this subject the complainant testified as follows:

"Q. Did you charge that bill to Morgan county, or did you charge it to some one else on your ledger?

"A. It was charged to you (meaning Boswell) on the ledger. Of course we always charge it to the chairman of the election commission. He O. K.'s the bill and has the county pay it. That is the same way we do here. We don't charge it in Knox County, don't charge it to Knox County, but charge it to Mr. Beeler, chairman, because the county doesn't really order the stuff; the chairman of the election commission orders it."

Upon receipt of these supplies they were distributed to the various precincts in Morgan county by the election commissioners, and were used under the directions of said election commissioners in the registration of the voters of said county.

Thereafter, the account for said supplies was presented to the county court of Morgan county, and the county court refused to pay it on the advice of the county judge; he being of the opinion that the election commissioners of the county had no legal authority to purchase these supplies on the credit of Morgan county. He was also of the opinion that Morgan county was not subject to the registration laws of the State, and the correctness of his decision is conceded by counsel for complainant on the face of his petition; it being conceded that the act of 1921, which was relied upon by the election commissioners, did not extend the registration laws to Morgan county, but only the Dortch Ballot Law. This being true, there was no necessity for the registration of voters in Morgan county.

The evidence shows, however, that the defendant Boswell, and at least another member of the election commission for Morgan county, believed that the act of 1921 did apply, and the registration supplies ordered by the defendant Boswell from the complainant was done in good faith.

The question presented in the assignments of error filed by complainant is as to the personal liability of the defendant Boswell for said supplies. No question is made as to the reasonableness of the charge made by complainant for said supplies, or as to the correctness of the account.

The insistence of the defendant Boswell was and is that he is not personally liable for said account, having ordered the goods represented by said account in his official capacity and not individually.

The law is well settled in this State, by our own adjudications, as well as upon principles of common law, that a public agent is not individually liable on contracts made by him within the scope of his agency, or in conformity to the established and known course of the business he is employed to transact, but he may make himself so by the terms of the contract. *Amison & Dovey* v. *Ewing,* 2 Cold., 366; *Powell* v. *Fish,* 5 Yerg., 446; *Erwin* v. *Davenport,* 9 Heisk., 44; *Enloe* v. *Hall,* 1 Humph., 303; *Newman* v. *Davenport,* 9 Baxt., 538; *Brazelton* v. *Colyar & Gardner,* 2 Baxt., 234.

The reason of the rule, as given in *Brazelton* v. *Colyar & Gardner,* supra, is that in the ordinary course of things an agent contracting on behalf of the government, or of the public, is not personally bound by such a contract, even though he would be by the terms of the contract

152 Tenn.—31.

if it were a private agency; the reason given being that it is not to be presumed either that the agent means to bind himself personally in acting as a functionary of the government, or that the party dealing with him as a public agent means to rely upon his individual responsibility.

To the same effect is the holding of the court in *Archibald I. Lawrence* v. *Oliver H. Toothaker et al.,* 75 N. H., 148, 71 A., 534, 23 L. R. A. (N. S.), 428, where the court held that members of a board of education, who, without authority, attempt to bind the city by a contract for services on a school building, do not render themselves personally liable for the services so rendered if the facts were equally within the cognizance of the other contracting party.

In this case it was also held that one entering into a contract with a board of education which attempts to bind the municipality is chargeable with knowledge of the official limitation upon the power of the members.

We think without a doubt it is a general rule that, when public agents, in good faith, contract with parties having full knowledge of the extent of their authority, or who have equal means of knowledge with themselves, they do not become individually liable unless the intent to incur personal responsibility is clearly expressed, although it should be found that, through ignorance of the law, they have exceeded their authority.

Such is the holding of the court in *Houston* v. *Clay County,* 18 Ind., 396, where the contract involved was by township trustees for the erection of a bridge, who, without authority, provided for a part of its payment by the proceeds of a tax thereafter to be collected by a vote of

the township; also, *Newman* v. *Sylvester,* 42 Ind., 106, where the contract involved was for the improvement of a street which had been let by the common council under the misapprehension that the street was within the corporate limits of the city; also, *Southworth* v. *Flanders,* 33 La. Ann., 190, where an ordinance was involved which had been passed by the mayor and administrators of the city that was not authorized by law, by which the recorder of mortgages was authorized to obtain copies of all unrecorded and unexpired tax judgments and have them recorded; also, *Humphreys* v. *Jones,* 71 Mo., 62, where the execution of a note by a director of a school district, for the benefit of the district, in good faith believing himself authorized to bind the district; also, *Sanborn* v. *Neal,* 4 Minn., 126 (Gil., 83), 77 Am. Dec., 502, where a note given by the trustees of a school district in payment of a debt was involved; also, *First National Bank* v. *Becker County,* 81 Minn., 95, 83 N. W., 468, involving the unauthorized issuance of orders by officers of the county for official services, election expenses, jury fees, and other expenses; also, *Henry* v. *Henry,* 73 Neb., 746, 103 N. W., 441, 107 N. W., 789, involving a loan procured by the administratrix and executing a mortgage without authority of law; and also, *McCurdy* v. *Rogers,* 21 Wis., 198, 91 Am. Dec., 468, involving a contract to pay bounty for enlistment in military service, which bounty was beyond the amount authorized.

The defendant Boswell not having ordered the goods or supplies involved in the instant cause in his individual capacity, and there being nothing in the proof which shows an intention on his part to bind himself personally for said goods or supplies, but the same having been

ordered by him in his official capacity as chairman of the board of election commissioners for Morgan county, he cannot be held personally liable for their payment. The fact that he signed the order, "W. Y. Boswell, Chairman County Election Commissioners," was sufficient to clearly indicate to complainant that he was ordering the supplies in his official capacity and not individually.

In no aspect can the defendant Boswell be held liable for a conversion of the goods. "Conversion" at law is defined to be an unauthorized assumption and exercise of the right of ownership over the goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's rights. 2 Words and Phrases, First Series, p. 1562, and the numerous authorities there cited.

In *Laverty* v. *Snethen*, 68 N. Y., 522, 23 Am. Rep., 184, it was said: "Every unauthorized taking of personal property, and all intermeddling with it, beyond the extent of the authority conferred, in case a limited authority has been given, with intent so to apply and dispose of it as to alter its condition or interfere with the owner's dominion is a conversion."

In *Newlin* v. *Prevo*, 90 Ill. App., 515, it was held that a "conversion" is an unauthorized act which deprives a man of his property permanently, or for an indefinite time.

The defendant Boswell, as chairman of the election commission for Morgan county, came into the possession of the goods or supplies sued for in this action by the authority and with the consent of complainant, who had knowledge of the official limitation upon his powers; at

least, the facts were equally within the cognizance of the complainant.

It results that we find no error in the decree of the court of appeals, and the writ is denied.